## Castle v. Commonwealth.

(Decided January 17, 1930.)

W. C. GOBLE, W. S. WALLEN and W. W. WILLIAMS for appellant.

DOUGLAS C. VEST for appellee.

Opinion of the Court by Judge Grigsby—Affirming.

Appellant, John Castle, a constable of Floyd county, was indicted at the April term, 1929, of the Floyd circuit court, charging him with the offense of malfeasance in office. He demurred to the indictment, and without waiving his demurrer at the time pleaded not guilty. Before the court ruled on the demurrer, the commonwealth's attorney was permitted to file a bill of particulars. Appellant's demurrer was then overruled. He was tried and found guilty, and fined $500. He appeals.

The indictment reads:

"The grand jury of Floyd county, in the name and by the authority of the commonwealth of Kentucky, accuse John Castle of the crime of malfeasance in office committed in manner and form as follows to wit: The said defendant, John Castle, in the county of Floyd on the 1st day of April, 1929, A. D. and before the finding of this indictment, did unlawfully, willfully and maliciously, corruptly and in violation of his oath of office as constable of Floyd county, Kentucky, duly elected, qualified and acting in that behalf, on various and divers times and occasions, accept from various and divers persons whose names are unknown to the grand jury, money and property of value for the purpose of covering up and preventing evidence against said persons from being brought against them, and to prevent the said parties from being charged before the proper authorities with violation of said law; the said Castle on said times and occasions would bring charges against various and divers persons not to prosecute them or to appear as witnesses against them; and from a portion of said persons who had violated the law he would accept money to compromise said cases, without making any charge against them before a magistrate, and take said money as a bribe and keep the same and never report said collection to a magistrate or other person, thereby obstructing public justice, and violating the oath of his office; that he obtained said money from said persons by color of his office and by threats of prosecution if same was not paid, and when paid to him he converted same to his own use. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the commonwealth of Kentucky."

The bill of particulars is as follows:

"The commonwealth of Kentucky, by C. P. Stephens, commonwealth's attorney, says that the persons referred to in the indictment herein as having paid to the said defendant moneys for the purpose of covering up violations of the law, and the violations referred to in said indictment, and the purposes for which paid, are as follows, to wit:

That Valentino Politla was the party who occupied the house at which the home brew was found by the officers, headed by John Castle, constable; that Valentino Politla and his wife, Wanda Politla, were thereupon threatened by the said officers with prosecution on the charge of possessing intoxicating beverages, and that if the said Valentino Politla and his wife, Wanda Politla, would pay to the said officers the sum of fifty dollars that said officers would not say anything further about said violations of the law; at first the said officers demanded $100, but later demanded $75, and finally agreed to accept $50 to compromise said case and to drop the said charge. That the said Politla procured a check for said amount of $50 and gave to said officers, but, after taking the said check away with them, they brought same back and refused to accept same, and demanded the money, which the said Politla procured in about five days, and that the said officer, John Castle, gave a receipt for same. The said home brew was found at said house on February 23, 1929. This statement is filed for the purpose of making more specific the statements in the indictment herein, and is filed before the trial of this case.''

The chief ground relied upon by counsel for appellant in the case at bar is that the indictment is fatally defective, and the trial court erred in overruling the demurrer interposed thereto. The offense for which appellant was indicted is denounced in section 3748, Ky. Statutes, Carroll's 1922 Edition. Said section is as follows:

"Judges of the county court, justices of the peace, sheriffs, coroners, surveyors, jailers, assessors, county attorneys, and constables, shall be subject to indictment in the county in which they reside, for misfeasance or malfeasance in office, or willful neglect in the discharge of official duties, and, upon conviction, shall be fined in any sum not less than $100.00 nor more than $1,000.00; and upon such conviction the office held by such person shall become vacant, and the judgment of conviction shall so recite; but such officers shall have the right to appeal to the Court of Appeals.''

.It is insisted by appellant that the indictment is not in conformity with section 124 of the Criminal Code. This section requires certainty in the language of the indictment as relates to the party charged, the offense charged, the county in which the offense was committed, the particular circumstances of the offense charged, if they be necessary to constitute the completed offense. In our opinion, this indictment, although general, meets all the requirements in section 124 of the Criminal Code, and the filing of the bill of particulars did not cure a defective indictment, but only aided a good one. The rule, as laid down in Roberson's New Criminal Law and Procedure (2d Ed.) sec. 1771, is: "That when a bill of particulars is furnished in a criminal case it concludes the right of all parties and the evidence to establish a conviction must be confined to the specifications therein contained."

In this particular case the bill of particulars specified, a transaction with Valentino Politla and his wife, Wanda Politla, and the evidence on the trial of the case was confined to that transaction. There is a sharp conflict in the evidence as to what occurred when appellant and the others went to the home of Politla, and the other transactions detailed. The issue was fairly submitted to the jury, and the evidence is ample to sustain the verdict.

The judgment is therefore affirmed.

Whole court sitting.